Todd D. Weiler (# 7671)
1248 West 1900 South
Woods Cross, Utah 84087
(801) 599-9823
tweiler@lsiwins.com

*Counsel for Defendant Daryl Acumen*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LYNDA PIPKIN, JANICE LEGLER, ROBERT MCENTEE, and ELIZABETH CARLIN,<br><br>Plaintiffs,<br><br>v.<br><br>DARYL ACUMEN and GILES WITHERSPOON,<br><br>Defendants. | **ANSWER TO AMENDED COMPLAINT**<br><br>Civil No.: **18-CV-00113-BCW**<br><br>Judge Robert J. Shelby |

Defendant Daryl Acumen ("Defendant") hereby respond to the Plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim against Defendant upon which relief can be granted. Moreover, Defendant lacks sufficient information and facts to either admit or deny these allegations concerning the unnamed plaintiffs and unnamed defendants and on that basis denies the same.

**SECOND DEFENSE**

Defendant hereby responds to each paragraph of the Complaint, *ad seriatim,* as follows:

**PARTIS, JURISDICTION AND VENUE**

1. Deny for lack of knowledge.

2. Deny for lack of knowledge.

3. Admit.

4. Deny for lack of knowledge.

5. The allegations in paragraph 5 contain legal conclusions to which a response is not required.

6. The allegations in paragraph 6 contain legal conclusions to which a response is not required.

**GENERAL ALLEGATIONS**

7. Defendant Acumen reincorporates his responses to paragraphs 1-6 above.

8. Admit.

9. Admit.

10. Admit.

11. Deny for lack of knowledge.

12. Deny for lack of knowledge.

13. Admit.

14. Deny for lack of knowledge.

15. Deny for lack of knowledge.

16. Admit that Witherspoon attended the meeting and attempted to conduct electronic voting, and deny for lack of knowledge any remaining allegations contained therein.

17. Deny for lack of knowledge.

18. Deny for lack of knowledge.

19. Deny for lack of knowledge.

20. Admit, and affirmatively state that Giles participants to connect to the wifi after complaints surfaced regarding slow connection speeds using cellular.

21. Admit that Witherspoon asked participants to create login accounts, and deny for lack of knowledge any remaining allegations contained therein.

22. Deny for lack of knowledge.

23. Deny for lack of knowledge.

24. Deny for lack of knowledge.

25. Deny for lack of knowledge.

26. Deny for lack of knowledge.

27. Deny for lack of knowledge.

28. Deny for lack of knowledge, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

29. Deny for lack of knowledge, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

30. Deny for lack of knowledge.

31. Admit that Mr. Anderson stated that problems occurred and deny any remaining allegations contained therein.

32. Deny, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data. Acumen affirmatively states that he did not tell Anderson that he intercepted any text messages during the meeting.

33. Deny, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

34. Admit that Anderson stated after the meeting that some communication had been intercepted during the meeting.

    a. Admit.

    b. Admit.

    c. Admit.

35. Deny for lack of knowledge.

### Lynda Pipkin

36. Deny for lack of knowledge.

37. Deny for lack of knowledge.

38. Deny for lack of knowledge.

39. Deny for lack of knowledge.

40. Deny for lack of knowledge.

    a. Deny for lack of knowledge.

    b. Deny for lack of knowledge.

41. Deny for lack of knowledge.

42. Deny for lack of knowledge.

43. Deny for lack of knowledge.

### Robert McEntee

44. Deny for lack of knowledge.

45. Deny for lack of knowledge.

    a. Deny for lack of knowledge.

    b. Deny for lack of knowledge.

    c. Deny for lack of knowledge.

46. Deny for lack of knowledge.

47. Deny for lack of knowledge.

### Janice Legler

48. Deny for lack of knowledge.

49. Deny for lack of knowledge.

50. Deny for lack of knowledge.

51. Deny for lack of knowledge.

52. Deny for lack of knowledge.

53. Deny for lack of knowledge.

54. Deny for lack of knowledge.

55. Deny for lack of knowledge.

56. Deny for lack of knowledge.

57. Deny for lack of knowledge.

### Elizabeth Carlin

58. Deny for lack of knowledge.

59. Deny for lack of knowledge.

60. Deny for lack of knowledge.

61. Deny for lack of knowledge.

62. Deny for lack of knowledge.

63. Deny for lack of knowledge.

### Witherspoon's Involvement

64. Deny for lack of knowledge.

65. Deny for lack of knowledge.

66. Deny for lack of knowledge.

67. Deny for lack of knowledge.

68. Deny for lack of knowledge.

69. Deny for lack of knowledge.

70. Deny for lack of knowledge.

71. Deny for lack of knowledge.

72. Deny for lack of knowledge.

73. Deny for lack of knowledge.

74. Deny for lack of knowledge.

75. Deny for lack of knowledge.

76. Deny for lack of knowledge.

77. Deny for lack of knowledge.

## **Acumen's Involvement**

78. Deny.

79. Admit.

80. Deny.

81. Deny.

82. Deny, as Defendant does not remember making any such statement.

83. Deny.

84. Deny.

85. Deny, and affirmatively state that at the time both Acumen and Giles were officers of the Utah Black Republican Assembly.

86. Admit, and affirmatively state that Acumen was not successful in that attempt.

87. Deny, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

88. Deny, and affirmatively state that Rob Anderson announced to everyone in attendance at the Meeting that Mr. Chamberlain had created multiple accounts.

89. Deny, and affirmatively state that Rob Anderson announced to everyone in attendance at the Meeting that Mr. Chamberlain had created multiple accounts.

90. Deny for lack of knowledge.

91. Deny for lack of knowledge.

92. Deny.

93. Deny, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

94. Deny for lack of knowledge.

95. Deny for lack of knowledge as to what was said in a third party conversation, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

96. Deny that Acumen possessed this knowledge, and deny for lack of knowledge what was said to Mr. Bateman or what was known by the other hundred people at the Meeting.

97. Deny for lack of knowledge as to what was said in a third party conversation, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

98. Deny for lack of knowledge as to what was said in a third party conversation, and affirmatively state that Defendant Acumen did not intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

99. Admit that Acumen was not part of Witherspoon's team and further deny that Acumen saw any of Plaintiffs' text messages, electronic communications or other electronic data.

100. Deny for lack of knowledge as to what was said in a third party conversation, and affirmatively state that Defendant Acumen did not see or intercept any of Plaintiffs' text messages, electronic communications or other electronic data.

101. Acumen admits to making some taunting Facebook posts, but denies that he saw or intercepted any of Plaintiffs' text messages, electronic communications or other electronic data.

102. Deny.

103. Deny.

104. Admit that Acumen taunted some of the Plaintiffs on social media after the meeting, and deny and remaining allegations contained therein.

## FIRST CAUSE OF ACTION

105. Defendant Acumen reincorporates his responses to paragraphs 1-104 above.

106. Deny for lack of knowledge.

107. Deny for lack of knowledge.

108. Deny for lack of knowledge.

109. Deny for lack of knowledge.

110. Deny for lack of knowledge.

111. Deny for lack of knowledge.

112. Deny for lack of knowledge.

## SECOND CAUSE OF ACTION

113. Defendant Acumen reincorporates his responses to paragraphs 1-112 above.

114. Deny.

115. Deny.

116. Deny.

117. The allegations in paragraph 43 contain legal conclusions to which a response is not required.

118. Admit that Acumen was not texting or emailing plaintiffs during the Meeting and deny that he intercepted any of their electronic communications.

119. Admit.

120. The allegations in paragraph 120 contain legal conclusions to which a response is not required.

121. Deny.

## THIRD CAUSE OF ACTION

122. Defendant Acumen reincorporates his responses to paragraphs 1-121 above.

123. Deny for lack of knowledge.

124. Deny for lack of knowledge.

125. Deny for lack of knowledge.

126. Deny for lack of knowledge.

127. Deny for lack of knowledge.

128. Deny for lack of knowledge.

129. Deny for lack of knowledge.

## FOURTH CAUSE OF ACTION

130. Defendant Acumen reincorporates his responses to paragraphs 1-129 above.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Admit that Acumen was not texting or emailing plaintiffs during the Meeting and deny that he intercepted any of their electronic communications.

136. Admit.

137. The allegations in paragraph 137 contain legal conclusions to which a response is not required.

138. Deny.

## FIFTH CAUSE OF ACTION

139. Defendant Acumen reincorporates his responses to paragraphs 1-138 above.

140. Deny for lack of knowledge.

141. Deny for lack of knowledge.

142. Deny for lack of knowledge.

143. Deny for lack of knowledge.

144. Deny.

## SIXTH CAUSE OF ACTION

145. Defendant Acumen reincorporates his responses to paragraphs 1-145 above.

146. Deny for lack of knowledge.

147. D Deny for lack of knowledge.

148. Deny for lack of knowledge.

149. Deny for lack of knowledge.

150. Deny for lack of knowledge.

### **SEVENTH CAUSE OF ACTION**

151. Defendant Acumen reincorporates his responses to paragraphs 1-50 above.

152. Deny for lack of knowledge.

153. D Deny for lack of knowledge.

154. Deny for lack of knowledge.

155. Deny for lack of knowledge.

156. Deny for lack of knowledge.

157. Deny for lack of knowledge.

158. Deny for lack of knowledge.

159. Deny for lack of knowledge.

160. Deny for lack of knowledge.

### **JURY DEMAND**

161. The allegations in paragraph 161 contain legal conclusions to which a response is not required.

## GENERAL DENIAL

Any allegation not specifically admitted herein by Defendant Acumen is hereby denied.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant Acumen asserts assumption of the risk and statute of limitations.

**WHEREFORE,** having responded to the Amended Complaint, Defendant Acumen prays that Plaintiffs' claims be dismissed with prejudice, and that he be awarded attorneys' fees and costs.

DATED this 19th day of December, 2018.

/s/ Todd Weiler

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANT'S ANSWER TO AMENDED COMPLAINT was served on December 19, 2018, upon the following via the method indicated:

| | |
|---|---|
| Seth D. Needs<br>Utah Advocacy Group, PC<br>10808 S. River Front Pkwy., Suite 3088<br>South Jordan, Utah 84095<br>seth@utahadvocacygroup.org | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Telecopy<br>☐ E-mail<br>☒ ECF |
| Walter A. Romney, Jr.<br>CLYDE SNOW & SESSIONS, P.C.<br>201 South Main Street, 13th Floor<br>Salt Lake City, Utah 84111-2216<br>war@clydesonw.com | ☐ U.S. Mail<br>☐ Federal Express<br>☐ Hand-Delivery<br>☐ Telecopy<br>☐ E-mail<br>☒ ECF |

/s/ Todd Weiler