Walter A. Romney, Jr. (#7975)
Katherine E. Pepin (#16925)
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111-2216
Telephone: (801) 322-2516
Email: war@clydesnow.com
        kep@clydesnow.com

*Attorneys for Giles Witherspoon*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LYNDA PIPKIN, JANICE LEGLER, ROBERT MCENTEE, and ELIZABETH CARLIN,**<br><br>        Plaintiffs,<br><br>v.<br><br>**DARYL ACUMEN and GILES WITHERSPOON,**<br><br>        Defendants. | **DEFENDANT GILES WITHERSPOON'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br><br>Case No. 1:18-CV-00113-RJS<br><br>Judge Robert J. Shelby<br>Magistrate Judge Paul M. Warner |

Defendant Giles Witherspoon ("Defendant"), by and through his counsel of record, hereby answers the Plaintiffs' Amended Complaint.  Defendant responds to each of the numbered allegations of Plaintiffs' Amended Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1, and therefore, denies the same.

1

{01444427-1 }

2.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 2, and therefore, denies the same.

3.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 3, and therefore, denies the same.

4.      Defendant admits the allegations in paragraph 4.

5.      The allegations in paragraph 5 call for a legal conclusion and require no response. To the extent paragraph 5 contains any factual allegations, Defendant denies such allegations.

6.      As to the allegations in paragraph 6, Defendant admits that venue is proper in this District.

## GENERAL ALLEGATIONS

7.      As to the allegations in paragraph 7, Defendant admits that venue is proper in this District.

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8, and therefore, denies the same.

9.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 9, and therefore, denies the same.

10.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10, and therefore, denies the same.

11.      Defendant admits the allegations in paragraph 11.

12.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12, and therefore, denies the same.

13.      As to the allegations in paragraph 13, Defendant admits that he and Daryl Acumen were present at an SCC meeting on September 9, 2017 ("Meeting") which was held in the upper

floor of the North Salt Lake City Office building ("Building") in North Salt Lake City, Utah. Defendant lacks sufficient knowledge or information to admit or deny the remaining information contained in paragraph 13, and therefore, denies the same.

14.     Defendant denies the allegations in paragraph 14.

15.     As to the allegations in paragraph 15, Defendant admits that he created an electronic voting application for the Utah County Party and was asked to test it for the Meeting, but denies the remainder of the allegations.

16.     Defendant admits the allegations in paragraph 16.

17.     Defendant admits the allegations in paragraph 17, and affirmatively alleges that he used the free version of Wireshark, a legal and widely-used network protocol analyzer, to detect any existing security problems with the public network prior to testing the voting application.

18.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18, and therefore, denies the same.

19.     Defendant denies the allegations in paragraph 19, and affirmatively alleges that, while Wireshark may have the capability to intercept communication or data that is transmitted or sent over the network, it must be affirmatively utilized in this manner which it was not at the Meeting.

20.     Defendant admits the allegations in paragraph 20, and affirmatively alleges that the Network was not under Defendant's control.

21.     Defendant admits the allegations in paragraph 21, and affirmatively alleges that he instructed those at the Meeting to create login accounts using a unique, new password to prevent any disclosure of the attendee's other passwords.

{01444427-1 }

22.     Defendant admits the allegations in paragraph 22, and affirmatively alleges that he used Wireshark to troubleshoot network problems and examine security problems on the public network that was being utilized for the testing.

23.     Defendant denies the allegations in paragraph 23, and affirmatively alleges that he only utilized the Wireshark application twice during the Meeting: once when he first arrived, and then when issues began occurring with the voting application. Defendant further alleges at all other times during the Meeting, Witherspoon's Wireshark application was off.

24.     Defendant denies the allegations in paragraph 24, and affirmatively alleges that he did not intercept any electronic communication and data and only used the Wireshark application to test the public wifi Network.

25.     Defendant denies the allegations in paragraph 25, and affirmatively alleges that he did not intercept any electronic communication and data transmitted or sent over the Network. Defendant further affirmatively alleges that he did not use the Wireshark device to intercept any electronic communication or data at the Meeting.

26.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26, and therefore, denies the same.

27.     Defendant denies the allegations in paragraph 27.

28.     As to the allegations in paragraph 28, Defendant admits the allegations, and affirmatively alleges that he did not intercept any of Plaintiffs' electronic communications but, to the extent information was intercepted, Plaintiffs consented by participating in the test of Defendant's voting application. Defendant denies the remaining allegations in paragraph 28.

29.     As to the allegations in paragraph 29, Defendant denies the allegations, and affirmatively alleges that he did not intercept any of Plaintiffs' electronic communications. To the

4

{01444427-1 }

extent information was gathered by Defendant, Plaintiffs consented by participating in the test of Defendant's voting application. Defendant denies the remaining allegations in paragraph 29.

30.     Defendant admits the allegations in paragraph 30, and affirmatively alleges that the voting application began to have issues because Drew Chamberlain and his son Chris Chamberlain attacked the application.

31.     As to the allegations in paragraph 31, Defendant admits that Anderson acknowledged that problems occurred with the Network and the voting application, and that Anderson also acknowledged that text messages and emails had been intercepted, but Defendant denies the veracity of these statements, and as such denies the remainder of the allegations.

32.     As to the allegations in paragraph 32, Defendant denies that he told Anderson that electronic communications had been intercepted. Defendant lacks sufficient knowledge or information to admit or deny the remaining information contained in paragraph 32, and therefore, denies the same.

33.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33, and therefore, denies the same.

34.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34, and therefore, denies the same.

35.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 35, and therefore, denies the same.

**LYNDA PIPKIN**

36.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 36, and therefore, denies the same.

{01444427-1 }

37.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore, denies the same.

38.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38, and therefore, denies the same.

39.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 39, and therefore, denies the same.

40.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40, and therefore, denies the same.

41.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 41, and therefore, denies the same.

42.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 42, and therefore, denies the same.

43.     Defendant denies the allegations in paragraph 43.

**ROBERT MCENTEE**

44.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44, and therefore, denies the same.

45.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 45, and therefore, denies the same.

46.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 46, and therefore, denies the same.

47.     Defendant denies the allegations in paragraph 47.

{01444427-1 }

**JANICE LEGLER**

48.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 48, and therefore, denies the same.

49.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 49, and therefore, denies the same.

50.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 50, and therefore, denies the same.

51.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 51, and therefore, denies the same.

52.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 52, and therefore, denies the same.

53.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 53, and therefore, denies the same.

54.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 54, and therefore, denies the same.

55.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 55, and therefore, denies the same.

56.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 56, and therefore, denies the same.

57.     Defendant denies the allegations in paragraph 57.

**ELIZABETH CARLIN**

58.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 58, and therefore, denies the same.

59.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 59, and therefore, denies the same.

60.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 60, and therefore, denies the same.

61.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 61, and therefore, denies the same.

62.     As to the allegations in paragraph 62, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 62 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

63.     Defendant denies the allegations in paragraph 63.

## WITHERSPOON'S INVOLVEMENT

64.     Defendant denies the allegations in paragraph 64.

65.     As to the allegations in paragraph 65, Defendant admits that he had separate conversations with Shepard and Bateman after the meeting. Defendant denies the remainder of the allegations.

66.     As to the allegations in paragraph 66, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 66 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

67.     Defendant denies the allegations in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant denies the allegations in paragraph 69.

8

70.     Defendant denies the allegations in paragraph 70.

71.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 71, and therefore, denies the same.

72.     Defendant denies the allegations in paragraph 72.

73.     The allegations contained in paragraph 73 requires no response. To the extent paragraph 73 contains any factual allegations, Defendant denies such allegations.

74.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 74, and therefore, denies the same.

75.     Defendant admits the allegations in paragraph 75.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant denies the allegations in paragraph 77.

<h3 style="text-align:center">ACUMEN'S INVOLVEMENT</h3>

78.     As to the allegations in paragraph 78, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 78 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

79.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 79, and therefore, denies the same.

80.     As to the allegations in paragraph 80, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 80 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

{01444427-1 }

81.     As to the allegations in paragraph 81, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 81 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

82.     As to the allegations in paragraph 82, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 82 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit.

83.     Defendant denies the allegations in paragraph 83.

84.     Defendant denies the allegations in paragraph 84.

85.     Defendant admits the allegations in paragraph 85.

86.     Defendant denies the allegations in paragraph 86.

87.     As to the allegations in paragraph 87, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 87 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit.

88.     Defendant denies the allegations in paragraph 88, and affirmatively alleges that the list of users of the application showed that Chamberlain created an account and that Acumen mentioned it to Defendant after the fact.

89.     As to the allegations in paragraph 89, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 89 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

90.     Defendant denies the allegations in paragraph 90.

{01444427-1 }

91.     As to the allegations in paragraph 91, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 91 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

92.     As to the allegations in paragraph 92, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 92 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

93.     As to the allegations in paragraph 93, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 93 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

94.     Defendant denies the allegations in paragraph 94, and affirmatively alleges that the application went in to "failsafe."

95.     Defendant denies the allegations in paragraph 95.

96.     As to the allegations in paragraph 96, Defendant denies that he told Bateman that Defendant and Acumen were the only ones in the building who knew how to cause the network and internet issues that occurred at the meeting. Defendant lacks sufficient knowledge or information to admit or deny the remaining information contained in paragraph 96, and therefore, denies the same.

97.     Defendant denies the allegations in paragraph 97.

98.     Defendant denies the allegations in paragraph 98.

{01444427-1 }

99.     As to the allegations contained in paragraph 99, Defendant admits that Acumen was not on Defendant's team tasked with implementing the electronic voting at the meeting. Defendant denies the remaining allegations contained in paragraph 99.

100.    Defendant denies the allegations in paragraph 100.

101.    As to the allegations in paragraph 101, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 101 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

102.    As to the allegations in paragraph 102, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 102 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

103.    As to the allegations in paragraph 103, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 103 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

104.    As to the allegations in paragraph 104, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 104 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

{01444427-1 }

**FIRST CAUSE OF ACTION**
**(Witherspoon's violation of 18 U.S.C. § 2511)**

105.    As to the allegations in paragraph 105, Defendant incorporates his responses to the above allegations as if set forth fully herein.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant denies the allegations in paragraph 107.

108.    Defendant denies the allegations in paragraph 108.

109.    Defendant denies the allegations in paragraph 109.

110.    As to the allegations in paragraph 110, Defendant affirmatively alleges that he did not intercept Plaintiffs' electronic communication or data. To the extent any information was gathered relating to the voting application, Plaintiffs consented by participating in the test of Defendant's voting application. Defendant denies the remaining allegations in paragraph 110.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

**SECOND CAUSE OF ACTION**
**(Acumen's violation of 18 U.S.C. § 2511)**

113.    As to the allegations in paragraph 113, Defendant incorporates his responses to the above allegations as if set forth fully herein.

114.    Defendant denies the allegations in paragraph 114.

115.    As to the allegations in paragraph 115, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 115 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

13

116.    As to the allegations in paragraph 116, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 116 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

117.    As to the allegations in paragraph 117, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 117 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

118.    As to the allegations in paragraph 118, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 118 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

119.    As to the allegations in paragraph 119, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 119 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

120.    As to the allegations in paragraph 120, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 120 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

121.    As to the allegations in paragraph 121, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 121 contains any factual allegations,

14

Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

## THIRD CAUSE OF ACTION
### (Witherspoon's violation of U.C.A. § 77-23a-4)

122.   As to the allegations in paragraph 122, Defendant incorporates his responses to the above allegations as if set forth fully herein.

123.   Defendant denies the allegations in paragraph 123.

124.   Defendant denies the allegations in paragraph 124.

125.   Defendant denies the allegations in paragraph 125.

126.   As to the allegations in paragraph 126, Defendant affirmatively alleges that he did not intercept Plaintiffs' communications. Defendant denies the remaining allegations in paragraph 126.

127.   As to the allegations in paragraph 127, Defendant affirmatively alleges that he did not intercept Plaintiffs' electronic communication or data. To the extent any information was intercepted, Plaintiffs consented by participating in the test of Defendant's voting application. Defendant denies the remaining allegations in paragraph 127.

128.   Defendant denies the allegations in paragraph 128.

129.   Defendant denies the allegations in paragraph 129.

## FOURTH CAUSE OF ACTION
### (Acumen's violation of U.C.A. § 77-23a-4)

130.   As to the allegations in paragraph 130, Defendant incorporates his responses to the above allegations as if set forth fully herein.

131.   Defendant denies the allegations in paragraph 131.

15

132.     As to the allegations in paragraph 132, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 132 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

133.     As to the allegations in paragraph 133, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 133 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same

134.     As to the allegations in paragraph 134, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 134 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

135.     As to the allegations in paragraph 135, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 135 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

136.     As to the allegations in paragraph 136, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 136 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

137.     As to the allegations in paragraph 137, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 137 contains any factual allegations,

{01444427-1 }

Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

138.    As to the allegations in paragraph 138, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 138 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

## FIFTH CAUSE OF ACTION
### (Witherspoon's Intrusion Upon Seclusion)

139.    As to the allegations in paragraph 139, Defendant incorporates his responses to the above allegations as if set forth fully herein.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant denies the allegations in paragraph 142.

143.    Defendant denies the allegations in paragraph 143.

144.    Defendant denies the allegations in paragraph 144.

## SIXTH CAUSE OF ACTION
### (John Doe's Intrusion Upon Seclusion)

145.    As to the allegations in paragraph 145, Defendant incorporates his responses to the above allegations as if set forth fully herein.

146.    As to the allegations in paragraph 146, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 146 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

{01444427-1 }

147.     As to the allegations in paragraph 147, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 147 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

148.     As to the allegations in paragraph 148, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 148 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

149.     As to the allegations in paragraph 149, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 149 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

150.     As to the allegations in paragraph 150, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 150 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

**SEVENTH CAUSE OF ACTION**
**John Doe's Violation of 18 U.S.C. § 1030**
**(Fraud and Related Activity in Relation to Computers)**

151.     As to the allegations in paragraph 151, Defendant incorporates his responses to the above allegations as if set forth fully herein.

152.     As to the allegations in paragraph 152, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 152 contains any factual allegations,

{01444427-1 }

Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

153.    As to the allegations in paragraph 153, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 153 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

154.    As to the allegations in paragraph 154, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 154 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

155.    As to the allegations in paragraph 155, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 155 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

156.    As to the allegations in paragraph 156, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 156 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

157.    As to the allegations in paragraph 157, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 157 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

{01444427-1 }

158.    As to the allegations in paragraph 158, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 158 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

159.    As to the allegations in paragraph 159, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 159 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

160.    As to the allegations in paragraph 160, no allegation is directed to Defendant and as a result no response is necessary.  To the extent paragraph 160 contains any factual allegations, Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore, denies the same.

## **JURY DEMAND**

161.    Defendant denies each and every allegation in the Amended Complaint, including in the prayer for relief, not specifically admitted.

## **PRAYER FOR RELIEF**

Plaintiffs' prayer for relief does not assert any allegations to which a response is required. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity thereof, and therefore, deny the same. Additionally, Defendants deny that Plaintiffs are entitled to any relief set forth in its request for judgment against Defendants, or to any relief at all.

{01444427-1 }

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendants deny any and all allegations not specifically admitted herein, including, but not limited to, Plaintiffs' requested relief.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs' expressly or impliedly gave prior consent to the interception of their electronic communications.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the electronic communications that were allegedly intercepted were made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants' intrusion upon Plaintiffs' seclusion, if any, was not intentional or substantial.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants' intrusion upon Plaintiffs' seclusion, if any, would not be highly offensive to the reasonable person.

{01444427-1 }

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, may have been caused by third parties over whom Defendant had no control, including but not limited to Plaintiffs, and other persons or entities that may be identified through discovery. Recovery, if any, should be reduced in proportion to the percentage of allocated fault.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages were the result of intervening and/or superseding causes not under Defendant's control.

## NINTH AFFIRMATIVE DEFENSE

Punitive damages may not be awarded in this case because this case is not an "exceptional" case.

## TENTH AFFIRMATIVE DEFENSE

Punitive damages in this case are barred by the due process clause of the Fifth Amendment of the United States Constitution and by Article I, Section 7 of the Constitution of Utah.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs must prove each and every element of their punitive damage claim beyond a reasonable doubt, or, in the alternative, by clear and convincing evidence.

## TWELFTH AFFIRMATIVE DEFENSE

The Sixth Amendment of the United States Constitution and Article I, Section X of the Constitution of Utah prohibits any award of punitive damages unless there is a unanimous verdict.

{01444427-1 }

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are not recoverable and are barred by at least the following provisions of the United States and Utah Constitutions: (1) the due process clauses of the fifth and fourteenth amendments to the United States Constitution, and Article I, § 7 of the Utah Constitution; (2) the taking clauses of fifth and fourteenth amendments to the United States Constitution and Article I, § 22 of the Utah Constitution; (3) the equal protection clauses of the fourteenth amendment to the United States Constitution and Article I, § 24 of the Utah Constitution; (4) the prohibitions against excessive fines and punishments contained in the eighth amendment to the United States Constitution and Article I, § 9 of the Utah Constitution; (5) the prohibition of ex post facto laws contained in Article I, § 18 of the Utah Constitution; and (6) the open courts provision in Article I, § 11 of the Utah Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' request for punitive damages must be established in accordance with *Utah Code An*n. § 78B-8-201, and Plaintiffs have no basis in fact or law to assert a claim for punitive damages against Defendant.  Punitive damages may not be awarded in this case because no act or omission, if any, was done by Defendant through willful and malicious or intentionally fraudulent conduct, or conduct that manifested a knowing and reckless indifference toward, and a disregard of, the rights of others.  Any award of punitive damages is therefore barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Punitive damages may not be awarded in this case because Defendant, at all times, acted in good faith vis-à-vis Plaintiffs, and any act or omission, if any, was undertaken in good faith, with probable cause, and was fully justified and reasonable under the circumstances.

{01444427-1 }

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of estoppel, ratification, acquiescence, bad faith, or waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by their failure to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their unclean hands.

## NINTEENTH AFFIRMATIVE DEFENSE

On information and belief, the damages, if any, that were allegedly sustained by Plaintiffs as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiffs, its agents, predecessors, and/or related entities.

## TWENTIETH AFFIMATIVE DEFENSE

Plaintiffs' claimed damages were the result of intervening and/or superseding causes not under Defendant's control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred since Plaintiffs have not been damaged, and in any event not by Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to an award of attorney fees pursuant to *Utah Code Ann*. § 78B-5-825.

{01444427-1 }

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any additional defenses or affirmative defenses that apply pending further discovery, and nothing contained in this answer should be construed as a waiver of any such additional defenses.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend any of the above answers upon further discovery. Defendant also reserve the right to bring counter claims and/or cross-claims against the Plaintiffs and any known or unknown defendants as may be necessary upon further discovery.  Defendant also reserves the right to add, delete, or revise any affirmative defense already pled or to be pled in the future upon further discovery.  Finally, Defendant reserves the right to amend their prayer for relief upon further discovery.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered this Amended Complaint and having asserted affirmative defenses, Defendants request the following relief:

1.      For an order dismissing the Amended Complaint as against Defendant for no cause of action;

2.      For costs of this action including reasonable attorneys' fees; and

2.      For such other and further relief as the Court may deem just and appropriate in the circumstances and to effectuate justice.

DATED this 10th day of January 2019.

CLYDE SNOW & SESSIONS

/s/ Walter A. Romney, Jr.
Walter A. Romney, Jr.
Katherine E. Pepin
*Attorneys for Defendant Giles Witherspoon*

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that, on this 10th day of January, 2019, I caused and true and correct copy of the foregoing **DEFENDANT GILES WITHERSPOON'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** to be electronically filed with the Court which provided electronic notification of the same to the following:

Seth D. Needs
Utah Advocacy Group, PC
10808 S. River Front Pkwy, Suite 3088
South Jordan, UT   84095
seth@utahadvocacygroup.org

Todd Weiler
1248 West 1900 South
Woods Cross, UT   84087
toddweiler@comcast.net

                                      */s/Marsha Mann*
                                        Legal Assistant

{01444427-1 }