Seth D. Needs (U.S.B. No. 15338)
seth@utahadvocacygroup.org
**UTAH ADVOCACY GROUP, PC**
10808 S River Front Pkwy
Suite 3088
South Jordan, Utah 84095
Telephone: (801) 885-4075
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| LYNDA PIPKIN; JANICE LEGLER; ROBERT MCENTEE; and ELIZABETH CARLIN,<br><br>Plaintiffs,<br>vs.<br><br>DARYL ACUMEN and GILES WITHERSPOON,<br><br>Defendants. | **PLAINTIFF LYNDA PIPKIN'S SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 1:18-CV-00113-HCN-PMW<br><br>Judge: Howard C. Nielson, Jr.<br><br>Magistrate Judge: Paul M. Warner |

On August 12, 2019, Defendant Giles Witherspoon ("Witherspoon") took Plaintiff Lynda Pipkin's ("Pipkin") deposition. Towards the end, Witherspoon's counsel asked questions related to how Pipkin was funding her lawsuit. Pipkin's counsel objected pursuant to Rule 30(d)(3) and instructed Pipkin not to answer. Pipkin now asks this Court for a protective order pursuant to Rule 26(c) to prohibit any discovery related to the funding of Plaintiffs' lawsuit.

Pipkin believes a protective order is warranted. First, how Plaintiffs fund this lawsuit is not relevant to any claim or defense. Since the most recent amendment to Rule 26(b)(1) in 2015, a slew of federal district courts across the national have concluded that it is not relevant how a plaintiff funds a lawsuit, especially when no one besides the plaintiff would gain a financial interest from the outcome of the litigation. For instance, in, *Yousefi v. Delta Elec. Motors, Inc.*, the court concluded that

"[w]hether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue. If, however, Local 46 has not merely donated funds or expertise to pursue these claims but has an expectation of payment if and only if plaintiff prevails, evidence of that financial interest may be relevant to deterring the credibility and potential bias of Local 46 witnesses." *Yousefi v. Delta Elec. Motors*, No. 13-CV-1632, 2015 U.S. Dist. LEXIS 180844 (E.D.N.Y MAR. 14, 2019). Importantly, no one besides Plaintiffs have an expectation of payment if the Plaintiffs prevail in this case.

Second, it appears that Witherspoon's motivation to know who is funding Plaintiffs' litigation appears to be motivated by reasons not relevant to the claims or defenses. For instance, Defendant's counsel stated in Pipkin's deposition: "[My client has] spent upwards of $30,000 defending this lawsuit and I can't find out who's paying [Pipkin's] fees, that's ridiculous." Witherspoon's Attorney has also stated in an email: "Witherspoon certainly has a right to know who is funding the frivolous lawsuit being brought against him." Based on these and other statements, and the fact that issues of funding are not relevant, Pipkin suspects that Witherspoon desires this information as a means to annoy, embarrass, or oppress Plaintiffs or anyone that might be funding Plaintiffs' litigation.

In recognizing "courts' relatively broad-sweeping inclination toward protecting litigation funding," Georgetown law professor J. Maria Glover stated that no protection in discovery would "impede both the funded party's ability to pursue her claim on the merits and the ability of litigation funding to achieve its purpose of bringing about a greater equality of resources among parties." J. Maria Glover, Alternative Litigation Finance and the Limits of the Work-Product Doctrine, 12 N.Y.U.J.L. & Bus. (Special Issue) 911-942 (2016).

## **CERTIFICATION**

The parties have made reasonable efforts to reach agreement on the disputed matters. Counsel for Witherspoon and Plaintiffs exchanged emails on July 5 & 8, 2019. Counsel for Witherspoon and Plaintiffs also met at Plaintiffs' Counsel's office on July 9, 2019.

DATED: August 14, 2019.

**UTAH ADVOCACY GROUP, PC**

/s/ Seth D. Needs
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2019, I caused a true and correct copy of the foregoing **PLAINTIFF LYNDA PIPKIN'S SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER** to be served via efiling on the following:


Walter A. Romney, Jr.
Katherine E. Pepin
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2216
war@clydesonw.com
kep@clydesnow.com


Todd Weiler
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
todd.weiler@chrisjen.com

                                              /s/ Seth D. Needs
                                              Attorney