Walter A. Romney, Jr. (#7975)
Katherine E. Pepin (#16925)
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111-2216
Telephone: (801) 322-2516
Email: war@clydesnow.com
          kep@clydesnow.com

*Attorneys for Giles Witherspoon*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LYNDA PIPKIN, JANICE LEGLER, ROBERT MCENTEE, and ELIZABETH CARLIN,**<br><br>Plaintiffs,<br><br>v.<br><br>**DARYL ACUMEN and GILES WITHERSPOON,**<br><br>Defendants. | **OPPOSITION TO PLAINTIFF LYNDA PIPKIN'S SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 1:18-CV-00113-RJS<br><br>Judge Howard C. Nielson<br>Magistrate Judge Paul M. Warner |

## ARGUMENT

Information regarding the financial interest of a witness in this litigation would be relevant as to bias. Defendant Giles Witherspoon-Boyd ("Witherspoon") has attempted to seek discovery of Plaintiffs' fee agreements because Witherspoon believes that Dave Bateman, a witness for Plaintiff, is financing the litigation. Courts have frequently found that "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'

{01565907-2 }

testimony." *United States v. Abel,* 469 U.S. 45, 52 (1984). "Moreover, the possible financial stake of a witness in a particular outcome of the case is a proper subject of cross-examination." *Mountain Dudes, LLC v. Split Rock Holdings*, 2015 WL 4717537, at *1 (D. Utah Aug. 7, 2015). Accordingly, information related to Plaintiffs' fee or engagement agreements with counsel is highly relevant as to Bateman's bias as a witness in this dispute.

In support of her motion for a protective order, Plaintiff Lynda Pipkin ("Pipkin") relies on *Yousefi v. Delta Elec. Motors, Inc.*, No. 13-CV-1632, 2015 U.S. Dist. LEXIS 180844 (E.D.N.Y. Mar. 14, 2019), for the proposition that evidence of a financial interest is only relevant as to bias if the financier has an "expectation of payment if and only if plaintiff prevails." However, this decision is neither persuasive nor analogous to the present case. In *Yousefi*, Defendant sought discovery of whether Plaintiff's union, the International Brotherhood of Electrical Workers Local 46 ("Local 46"), was funding the litigation on the basis that other members of that union may be called to testify on behalf of Plaintiff. Local 46 was an entity whose *members* may or may not have been called to testify in the case. The Court found that the fact that the witnesses' union was funding the litigation was not relevant as to bias unless the union itself had an expectation of payment if the Plaintiff ultimately prevailed. Unlike Local 46, Mr. Bateman is an individual witness who *himself* may be funding the litigation against Witherspoon. His direct financial and personal interest in the lawsuit would clearly be relevant as to bias as a key witness in this case.

In addition, Pipkin's unsubstantiated allegation that "Witherspoon desires this information as a means to annoy, embarrass, or oppress Plaintiffs or anyone that might be funding Plaintiffs' litigation" is baseless and without merit. As stated both above and in conversations with Pipkin's counsel, Witherspoon seeks discovery of Pipkin's fee agreements to ascertain whether or not a witness such as Mr. Bateman has funded the litigation. Witherspoon would stipulate to an order

limiting discovery into the funding of Plaintiffs' litigation upon Plaintiffs' sworn testimony that a witness or any entity owned or controlled by a witness is not funding the lawsuit.

Based on the foregoing, discovery into whether a witness has personally financed this litigation is certainly relevant as to bias. As such, Pipkin's motion for a protective order should be denied.

DATED this 21st day of August, 2019.

                                      CLYDE SNOW & SESSIONS

                                      /s/ Walter A. Romney, Jr.
                                      Walter A. Romney, Jr.
                                      Katherine E. Pepin
                                      *Attorneys for Defendant Giles Witherspoon-Boyd*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2019, a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF LYNDA PIPKIN'S SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER** was sent via E-Mail to the following:

Seth D. Needs
UTAH ADVOCACY GROUP
10808 S. River Front Parkway, Suite 3088
South Jordan, UT 84095
Attorneys for Plaintiffs

Todd Weiler
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Attorneys for Defendant Daryl Acumen

*/s/ Marsha Mann*