Seth D. Needs (U.S.B. No. 15338)
seth@utahadvocacygroup.org
**UTAH ADVOCACY GROUP, PC**
10808 S River Front Pkwy
Suite 3088
South Jordan, Utah 84095
Telephone: (801) 885-4075
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| LYNDA PIPKIN; JANICE LEGLER; ROBERT MCENTEE; and ELIZABETH CARLIN,<br><br>Plaintiffs,<br>vs.<br><br>DARYL ACUMEN and GILES WITHERSPOON,<br><br>Defendants. | **OPPOSITION TO SHORT FORM DISCOVERY MOTION TO COMPEL PLAINTIFFS' RESPONES TO DOCUMENT REQUEST NO. 7 AND RELATED DEPOSITION TESTIMONY**<br><br>Case No. 1:18-CV-00113-HCN-PMW<br><br>Judge: Howard C. Nielson, Jr.<br><br>Magistrate Judge: Paul M. Warner |

Plaintiffs agree with Defendant Giles Witherspoon ("Witherspoon") that "proof of bias is almost always relevant." Where Plaintiffs disagree is regarding what constitutes bias. Witherspoon has argued that proof of bias is established if someone merely donates money to fund a person's lawsuit without anything to gain financially from the outcome of the litigation. Plaintiffs disagree and believe that rulings throughout the country clearly support their contention that merely providing funding for a lawsuit does not constitute bias. For instance, in Yousefi v. Delta Elec. Motors, Inc., the court concluded that "[w]hether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contribution from the union is not relevant to any claim or defense at issue. If, however, Local 46 has not merely donated funds or expertise to pursue

these claims but has an expectation of payment if and only if plaintiff prevails, evidence of that financial interest may be relevant to deterring the creditability and potential bias of Local 46 witnesses." *Yousefi v. Delta Elec. Motors*, No. 13-CV-1632, 2015 U.S. Dist. LEXIS 180844 (W.D. Wash. May 11, 2015). The relevance of this ruling is that there is no bias when a witness donates money to fund a plaintiff's lawsuit when the witness has no expectation of payment if the plaintiff prevails.

In support of Defendant Giles Witherspoon's motion to compel, Witherspoon cites *Mountain Dudes, LLC v. Split Rock Holdings*. *Mountain dudes, LLC v. Split Rock Holdings*, 2015 WL 4717537 (D. Utah Aug. 7, 2015). However, *Mountain Dudes, LLC* is quite distinguishable from this case. In *Mountain Dudes, LLC*, Plaintiff's corporate designee had an ownership interest in the law firm representing Plaintiff. *Id.* at *3. Therefore, the Court ruled that questions related to ownership interest in the law firm were relevant because Plaintiff's corporate designee had something "to gain" if Plaintiff was successful in that case. *Id.* at *3-4. The circumstances in this case are clearly different. No one besides Plaintiffs has anything to gain from the outcome of this case. Additionally, no one has donated money to Plaintiffs to help fund their case with an expectation of payment if and only if Plaintiffs prevail. Therefore, discovery requests or questions related to how or by whom Plaintiffs might be funding their lawsuit against Defendants are not relevant and should be prohibited.

It's important to note that Witherspoon has not cited any case that is directly on point with the funding of a lawsuit. Witherspoon has also not provided any case law that would suggest that merely donating money to fund a lawsuit would be proof of bias in a potential witness. Additionally, the cases cited by Witherspoon supports Plaintiffs' Opposition because no one but Plaintiffs has anything to gain financially from the outcome of this case.

DATED: August 21, 2019.

                                              **UTAH ADVOCACY GROUP, PC**

                                              /s/ Seth D. Needs
                                              *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2019, I caused a true and correct copy of the foregoing **OPPOSITION TO SHORT FORM DISCOVERY MOTION TO COMPEL PLAINTIFFS' RESPONES TO DOCUMENT REQUEST NO. 7 AND RELATED DEPOSITION TESTIMONY** to be served via efiling on the following:


Walter A. Romney, Jr.
Katherine E. Pepin
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2216
war@clydesonw.com
kep@clydesnow.com


Todd Weiler
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
todd.weiler@chrisjen.com


                                               /s/ Seth D. Needs
                                               Attorney