IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LYNDA PIPKIN, ROBERT MCENTEE, and ELIZABETH CARLIN,<br><br>Plaintiffs,<br>v.<br><br>DARYL ACUMEN and GILES WITHERSPOON,<br><br>Defendants. | **MEMORADUM DECISION AND ORDER**<br><br>Case No. 1:18-cv-00113-HCN-PMW<br><br>District Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Lynda Pipkin's ("Pipkin") Short Form Discovery Motion for Protective Order ("Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **BACKGROUND**

On August 12, 2019, Pipkin attended a deposition wherein Defendant Giles Witherspoon ("Witherspoon") asked Pipkin questions related to how Plaintiffs are funding their lawsuit against Defendants.[3] Pipken's counsel objected pursuant to Rule 30(d)(3) and instructed Pipkin

---

[1] *See* docket no. 29.
[2] *See* docket no. 46.
[3] *See* docket no. 46 at 1.

not to answer.[4] Soon after, Pipkin filed the instant Motion seeking a protective order pursuant to Rule 26(c) of Federal Rules of Civil Procedure prohibiting any discovery related to the funding of Plaintiffs' lawsuit.[5] Pipkin argues that a protective order is warranted because information related to the funding of the lawsuit is irrelevant to any claim or defense.[6]

Witherspoon disagrees and contends information regarding the financial interest of a witness in this litigation is relevant as to the bias and credibility of that witness.[7] Witherspoon seeks discovery of Pipkin's fee agreements because Witherspoon believes Dave Bateman, a witness for Pipkin, is financing the litigation.[8]

## DISCUSSION

The Motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

---

[4] *See id.*
[5] *See id.*
[6] *See id.*
[7] *See* docket no. 48. at 1.
[8] *See id.*

outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The court may issue a protective order, for good cause, to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may forbid "inquiry into certain matters, or [limit] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

After considering the present record and the relevant case law, the court concludes that information related to funding of the litigation is irrelevant to the claims and defenses of the case and, therefore, Plaintiffs' funding of the lawsuit is not discoverable. Witherspoon's argument that Plaintiffs' funding arrangement is relevant to the credibility and bias of Dave Bateman as a witness is entirely speculative and insufficient to demonstrate the relevance of the sought-after fee agreements. *See MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (stating that courts have found fee and litigation funding agreements could be discoverable when there is a specific, articulated reason to suspect bias or conflicts of interest); *Yousefi v. Delta Elec. Motors*, No. C13-1632RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) ("Whether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue. If, however, Local 46 has not merely donated funds or expertise to pursue these claims but has an expectation of payment if and only if plaintiff prevails, evidence of that financial interest may be relevant to determining the credibility and potential bias of Local 46 witnesses."). Moreover, if this case proceeds to trial, Witherspoon has

various tools at his disposal for questioning and ascertaining witnesses bias and credibility. Accordingly, Pipkin's Motion is granted.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff Lynda Pipkin's ("Pipkin") Short Form Discovery Motion for Protective Order[9] is GRANTED. Defendant Witherspoon is hereby prohibited from conducting any discovery into how Plaintiff is funding the instant lawsuit against Defendants.

**IT IS SO ORDERED**.

DATED this 26th day of November, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[9] *See* docket no. 46.

4