Seth D. Needs (U.S.B. No. 15338)
seth@utahadvocacygroup.org
**UTAH ADVOCACY GROUP, PC**
10808 S River Front Pkwy
Suite 3088
South Jordan, Utah 84095
Telephone: (801) 885-4075
*Attorney for Plaintiffs*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| LYNDA PIPKIN; JANICE LEGLER; ROBERT MCENTEE; and ELIZABETH CARLIN, <br><br> Plaintiffs, <br><br> vs. <br><br> DARYL ACUMEN and GILES WITHERSPOON, <br><br> Defendants. | **PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANT GILES WITHERSPOON'S RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS** <br><br> Case No. 1:18-CV-00113-HCN-PMW <br><br> Judge: Howard C. Nielson, Jr. <br><br> Magistrate Judge: Paul M. Warner |

Under DUCivR 37-1, Plaintiffs move to compel Defendant Giles Witherspoon's responses to Plaintiffs' discovery requests sent August 12, 2019 (See Exhibit A). Specifically, Plaintiffs ask the court to compel Defendant Giles Witherspoon ("Witherspoon") to:

1) Produce documents in response to Plaintiffs' Request for Production No.'s 9 and 10; and

2) Answer Plaintiffs' Interrogatories No. 16 and 17.

Plaintiffs are asking for punitive damages in their complaint, and the above-mentioned discovery requests relate to Witherspoon's current net worth. This Court has previously ruled that "[d]iscovery of a defendant's net worth and financial condition is relevant to the issue of punitive damages." *Roberts v. C.R. Eng., Inc.*, 2018 U.S. Dist. LEXIS 41139 at *4. See also *City of Newport v.*

*Fact Concerts, Inc.*, 453 U.S. 247, 270. (noting that "evidence of tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded…").  Plaintiffs have no issue with limiting the discovery to Witherspoon's current financial condition for the "two or three most recent years" as other Courts have ruled.  *U.S. E.E.OC. v. Pioneer Hotel, Inc.*, 2014 WL 5045109, at *4 (D. Nev. Oct. 9. 2014).

   To date, Witherspoon has not provided any statements or documentation that would establish his current net worth.  (See Exhibit B).  As demonstrated by this Court and others, Witherspoon's current financial condition or net worth is relevant to Plaintiffs claims for punitive damages.  Therefore, Plaintiffs request that this Court enter an order compelling Witherspoon to respond to Plaintiffs' above-mentioned discovery requests.

## **CERTIFICATION**

   The parties have made reasonable efforts to reach an agreement on the disputed matters. Counsel for Witherspoon and Plaintiffs exchanged several emails between September 19, 2019 to October 28, 2019.  Counsel for Witherspoon and Plaintiffs also met at Witherspoon's Counsel's office on September 23, 2019, and have since had several discussions about the issue.

   DATED: December 16, 2019.


                              **UTAH ADVOCACY GROUP, PC**

                              /s/ Seth D. Needs
                              *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2019, I caused a true and correct copy of the foregoing **PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANT GILES WITHERSPOON'S RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS** to be served via efiling on the following:

Walter A. Romney, Jr.
Katherine E. Pepin
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2216
war@clydesonw.com
kep@clydesnow.com


Todd Weiler
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
todd.weiler@chrisjen.com


/s/ Seth D. Needs
Attorney

# Exhibit A

Seth D. Needs (U.S.B. No. 15338)
seth@utahadvocacygroup.org
**UTAH ADVOCACY GROUP, PC**
10808 S River Front Pkwy
Suite 3088
South Jordan, Utah 84095
Telephone: (801) 885-4075
*Attorney for Plaintiffs*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| LYNDA PIPKIN; JANICE LEGLER; ROBERT MCENTEE; and ELIZABETH CARLIN,<br><br>                Plaintiffs,<br><br>vs.<br><br>DARYL ACUMEN, GILES WITHERSPOON, and JOHN DOE,<br><br>                Defendants. | **PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO GILES WITHERSPOON**<br><br>Case No. 1:18-CV-00113-RJS-PMW<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Paul M. Warner |

Plaintiffs, by and through their counsel of record, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure hereby requests that Defendant Giles Witherspoon submit responses to the following Requests for Admissions, Interrogatories, and Requests for Production to be answered in accordance with the Federal Rules of Civil Procedure.  Responses must be served upon counsel for Plaintiffs within thirty (30) days of the date of service hereof.

## **DEFINITIONS**

The following terms used in the below discovery requests have the following meaning:

1) "**And**" and "**or**" must be construed disjunctively or conjunctively as necessary in order to bring within the scope of each request all documents that might otherwise be construed to be outside its scope.

2) The words "**any**" and "**all**" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.

3) A "**communication**" means, without limitation, in-person or telephone conversations, facsimiles, letters, electronic mail, telegrams, telexes, tapes or other sound recordings, text messages, or other means of transmitting information from one source to another.

4) The phrase "**describe in detail**" includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of a specific interrogatory.

5) A "**document**" means, but is not limited to, the original and any other nonidentical copy (whether different from the original because of notes made on such or otherwise) of all notes, minutes of meetings, reports, calls, letter, telegrams, memoranda, disks, backups, digital files, transcripts of telephone conversation, diaries, sound reports, and all other documentary material of any nature whatsoever, together with any attachments thereto or enclosures therewith.

6) The term "**Identify**" means, when used with reference to an individual person, organization, corporation, or association, to state the full name, home and work addresses, email address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to.

7) The "**Meeting**" refers to the Utah Republican Party's State Central Committee meeting held on September 9, 2017.

8) "**Relating to**" and "**related to**" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or tending to prove or disprove.

9) "**You**" and "**your**" mean yourself and all other persons acting or purporting to act on your behalf.

<u>**REQUEST FOR ADMISSIONS**</u>

Plaintiffs request that Defendant Giles Witherspoon make the following admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure. These requests for admission will be deemed admitted unless responded to within 30 days.

<u>**ADMISSION NO. 9:**</u> Admit that you have stated to Lisa Shepherd that you captured other people's text messages while at the Meeting.

<u>**ADMISSION NO. 10:**</u> Admit that you have stated to Lisa Shepherd that your capture of text messages at the Meeting was the audience's fault because the audience was sending text messages over the wifi network.

<u>**ADMISSION NO. 11:**</u> Admit that you told the audience at the Meeting that you were watching their emails.

<u>**ADMISSION NO. 13:**</u> Admit that you knew, the day of the Meeting, that Rob Anderson told those in attendance at the Meeting that text messages had been captured of those in attendance.

<u>**ADMISSION NO. 14:**</u> Admit that you were upset when you first discovered that Rob Anderson had told those at the Meeting that you had captured the audiences' text messages.

**ADMISSION NO. 14:**  Admit that you have no evidence that Chris Chamberlain attacked the wifi during the Meeting.

**ADMISSION NO. 15:**  Admit that you shredded the computer you used at the Meeting, after knowing that a lawsuit related to the capture of text messages at the Meeting was likely to be filed against you.

**ADMISSION NO. 16:**  Admit that Defendant Daryl Acumen wanted to see text messages you had captured at the meeting.

**ADMISSION NO. 17:**  Admit that you told Defendant Daryl Acumen that you captured text messages at the Meeting.

**ADMISSION NO. 18:**  Admit that you told Rob Anderson that you captured text messages at the Meeting.

**INTERROGATORIES**

Plaintiffs request that Defendant Giles Witherspoon answer the following interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure:

**INTERROGATORY NO. 16:**  Please describe in detail your current net worth.

**INTERROGATORY NO. 17:**  Please describe in detail any information used to calculate your current net worth.

**INTERROGATORY NO. 18:**  Please describe in detail all the lies that Defendant Daryl Acumen has said that you are aware of.

**INTERROGATORY NO. 19:**  Please describe in detail all the sketchy stuff that Defendant Daryl Acumen has done that you are aware of.

**INTERROGATORY NO. 20:**  Please describe in detail why you thought that Mr. Acumen attacked the Wifi while at the Meeting.

**INTERROGATORY NO. 21:**  Please describe in detail why you thought that Mr. Acumen captured electronic communication of those in attendance while at the Meeting.

## REQUESTS FOR PRODUCTION

Plaintiffs request that Defendant Giles Witherspoon produce the documents and things listed below pursuant to Rule 34 of the Federal Rules of Civil Procedure:

**REQUEST NO. 6:**  Produce any and all agreements between you and Rob Anderson that are in any way related to the Meeting.

**REQUEST NO. 7:**  Produce any and all agreements between you and the Utah Republican Party that are in any way related to the Meeting.

**REQUEST NO. 8:**  Produce any and all agreements between you and anyone else that are in any way related to the Meeting.

**REQUEST NO. 9:**  Produce any and all documents that fully demonstrate your current net worth, such as, but not limited to, your federal tax returns for the past three years.

**REQUEST NO. 10:**  Produce any and all documents used to calculate your current net worth.

**REQUEST NO. 11:**  Produce any and all evidence you have that Chris Chamberlain was cross-site scripting while at the Meeting.

DATED this 12th day of August 2019.

**UTAH ADVOCACY GROUP, PC**

/s/ Seth D. Needs
*Attorney for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 12th day of August, 2019, I caused a true and correct copy of the

foregoing **PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSIONS,**

**INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO GILES**

**WITHERSPOON** to be served via email to the following:


Walter A. Romney, Jr.
Katherine E. Pepin
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2216
war@clydesonw.com
kep@clydesnow.com


Todd Weiler
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
todd.weiler@chrisjen.com


/s/ Seth D. Needs
Attorney

# Exhibit B

Walter A. Romney, Jr. (#7975)
Katherine E. Pepin (#16925)
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, Suite 1300
Salt Lake City, Utah  84111-2216
Telephone: (801) 322-2516
Email: war@clydesnow.com
         kep@clydesnow.com

*Attorneys for Giles Witherspoon-Boyd-Boyd*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LYNDA PIPKIN, ROBERT MCENTEE and ELIZABETH CARLIN,<br><br>       Plaintiffs,<br><br>v.<br><br>DARYL ACUMEN and GILES WITHERSPOON-BOYD,<br><br>       Defendants. | DEFENDANT WITHERSPOON-BOYD'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION<br><br>Case No. 1:18-CV-00113-RJS<br>Judge Robert J. Shelby<br>Magistrate Judge Paul M. Warner |

Defendant Giles Witherspoon-Boyd-Boyd ("Witherspoon-Boyd"), by and through his counsel of record, hereby responds to Plaintiffs' Third Set of Requests for Admissions, Interrogatories, and Requests for Production ("Discovery Requests") as set forth below.

Plaintiffs are advised that Witherspoon-Boyd does not waive any objections by providing responses to Plaintiffs' Discovery Requests or by raising additional objections to individual Requests and this Preliminary Statement is incorporated herein by reference in each answer and response set forth herein.

{01570889-2 }

## GENERAL OBJECTIONS

1.        Witherspoon-Boyd objects to Plaintiffs' Discovery Requests on the grounds that they are overly broad, unduly burdensome, seek information which is not relevant to Plaintiffs' cause of action, and are not in proportion to the needs of the case.

2.        Witherspoon-Boyd objects to Plaintiffs' Discovery Requests to the extent that they seek information that is not within the custody or control of Witherspoon-Boyd, is otherwise within the public domain, or is otherwise equally or more available to Plaintiffs than to Witherspoon-Boyd.

3.        Witherspoon-Boyd objects to Plaintiffs' Discovery Requests to the extent that they assert and/or assume unproven conclusions as established facts.

4.        Witherspoon-Boyd objects to Plaintiffs' Discovery Requests to the extent that they assume the truth of the allegations which are in dispute in this litigation and/or make incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts.

5.        Witherspoon-Boyd objects to Plaintiffs' Discovery Requests to the extent that they seek to require him to provide information other than that which may be obtained through a reasonably diligent search of his records.

6.        The responses made herein are made without in any way waiving and/or intending to waive, but on the contrary intending to reserve and reserving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, prejudice, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; (2) the right to object on any and all grounds at any time to any other discovery procedure involving or relating to the subject matter of Plaintiffs'

Discovery Requests; and (3) the right to supplement these answers should additional information be discovered.

This Statement of General Objections is incorporated by reference in each answer and response set forth below. Notwithstanding and without waiving these objections, Witherspoon-Boyd responds to Plaintiffs' Discovery Requests as follows:

### REQUESTS FOR ADMISSIONS

**REQUEST NO. 9**: Admit that you have stated to Lisa Shepherd that you captured other people's text messages while at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Admit, and affirmatively allege that the transcript speaks for itself. Upon further investigation, I no longer believe that people's text messages were captured by myself or the voting application at the Meeting.

**REQUEST NO. 10**: Admit that you have stated to Lisa Shepherd that your capture of text messages at the Meeting was the audience's fault because the audience was sending text messages over the wifi network.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Admit, and affirmatively allege that the transcript speaks for itself. Upon further investigation, I no longer believe that people's text messages were captured by myself or the voting application at the Meeting.

**REQUEST NO. 11**: Admit that you told the audience at the Meeting that you were watching their emails.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny.

**REQUEST NO. 13**: Admit that you knew, the day of the Meeting, that Rob Anderson told those in attendance at the Meeting that text messages had been captured of those in attendance.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny.

**REQUEST NO. 14**: Admit that you were upset when you first discovered that Rob Anderson had told those at the Meeting that you had captured the audiences' text messages.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Admit.

**REQUEST NO. 14 [sic]**: Admit that you have no evidence that Chris Chamberlain attacked the wifi during the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny.

**REQUEST NO. 15**: Admit that you shredded the computer you used at the Meeting, after knowing that a lawsuit related to the capture of text messages at the Meeting was likely to be filed against you.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny, and affirmatively allege that the computer I used at the Meeting was destroyed in accordance with my personal practices after I purchased a new laptop computer. I further allege that the laptop was destroyed prior to

any contact with the Plaintiffs and before I had any knowledge that a lawsuit was going to be filed against me.

**REQUEST NO. 16**: Admit that Defendant Daryl Acumen wanted to see text messages you had captured at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny.

**REQUEST NO. 17**: Admit that you told Defendant Daryl Acumen that you captured text messages at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny.

**REQUEST NO. 18**: Admit that you told Rob Anderson that you captured text messages at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Deny.

## INTERROGATORIES

**INTERROGATORY NO. 16**: Please describe in detail your current net worth.

**ANSWER**: See Preliminary Statement and General Objections. Witherspoon-Boyd further objects to the Discovery Request on the basis that it seeks information which is irrelevant and immaterial to these proceedings and is privileged.

**INTERROGATORY NO. 17**: Please describe in detail any information used to calculate your current net worth.

**ANSWER**: See Preliminary Statement and General Objections. Witherspoon-Boyd further objects to the Discovery Request on the basis that it seeks information which is irrelevant and immaterial to these proceedings and is privileged.

**INTERROGATORY NO. 18**: Please describe in detail all the lies that Defendant Daryl Acumen has said that you are aware of.

**ANSWER**: See Preliminary Statement and General Objections. Witherspoon-Boyd further objects to the Discovery Request as overly broad, lacks foundation, is not properly limited in time and scope, and seeks information which is irrelevant and immaterial to these proceedings and which is not in proportion to the needs of this case.

Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: Acumen lied when he told the attendees at the Meeting that I and/or the voting application had intercepted the attendees' personal electronic communications at the Meeting. Acumen further perpetrated this lie by posting on Facebook that I and/or the voting application had intercepted the attendees' personal electronic communications. Acumen also lied when he stated that I told him the contents of Lisa Shepherd's text messages sent during the Meeting. Neither I nor the voting application intercepted any personal electronic communications, and therefore it would have been impossible for me to talk to Acumen about the contents of any attendee's personal electronic communications.

**INTERROGATORY NO. 19**: Please describe in detail all the sketchy stuff that Defendant Daryl Acumen has done that you are aware of.

**ANSWER**: See Preliminary Statement and General Objections. Witherspoon-Boyd further objects to the Discovery Request as vague and ambiguous, overly broad, lacks

foundation, not properly limited in time and scope, and seeks information which is irrelevant and immaterial to these proceedings and which is not in proportion to the needs of this case.

Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: By lying and stating that I and/or the voting application had intercepted personal electronic communications during the Meeting, Acumen has implicated me in this unfounded lawsuit. I do not know Acumen personally, and I believe it is "sketchy" that he would lie and attempt to implicate me in this matter, when I had no involvement with Acumen.

**INTERROGATORY NO. 20**: Please describe in detail why you thought that Mr. Acumen attacked the Wifi while at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: I have never alleged, nor do I have any reason to believe, that Mr. Acumen attacked the Wi-Fi while at the Meeting.

**INTERROGATORY NO. 21**: Please describe in detail why you thought that Mr. Acumen captured electronic communication of those in attendance while at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, Witherspoon-Boyd responds as follows: I have never alleged, nor do I have any reason to believe, that Mr. Acumen captured electronic communication of those in attendance while at the Meeting.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 6**: Produce any and all agreements between you and Rob Anderson that are in any way related to the Meeting.

**ANSWER**: None.

**REQUEST NO. 7**: Produce any and all agreements between you and the Utah Republican Party that are in any way related to the Meeting.

**ANSWER**: All non-privileged documents that are responsive to this request have already been produced to Plaintiffs' counsel in this litigation.

**REQUEST NO. 8**: Produce any and all agreements between you and anyone else that are in any way related to the Meeting.

**ANSWER**: None.

**REQUEST NO. 9**: Produce any and all documents that fully demonstrate your current net worth, such as, but not limited to, your federal tax returns for the past three years.

**ANSWER**: See Preliminary Statement and General Objections. Witherspoon-Boyd further objects to the Discovery Request on the basis that it seeks information which is irrelevant and immaterial to these proceedings and is privileged.

**REQUEST NO. 10**: Produce any and all documents used to calculate your net worth.

**ANSWER**: See Preliminary Statement and General Objections. Witherspoon-Boyd further objects to the Discovery Request on the basis that it seeks information which is irrelevant and immaterial to these proceedings and is privileged.

**REQUEST NO. 11**: Produce any and all evidence you have that Chris Chamberlain was cross-site scripting while at the Meeting.

**ANSWER**: See Preliminary Statement and General Objections. Subject to and without waiving any objection, no documentary evidence is in Mr. Witherspoon-Boyd's possession.

DATED this 11th of September 2019.

CLYDE SNOW & SESSIONS

/s/ Katherine E. Pepin
Walter A. Romney, Jr.
Katherine E. Pepin
*Attorneys for Defendant Giles Witherspoon-Boyd*

## **VERIFICATION**

I, Giles Witherspoon-Boyd, hereby state that I have read the foregoing responses to interrogatories and I understand the contents thereof. These responses are provided of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe the same to be true.

I declare, verify, and state under penalty of perjury under the laws of the State of Utah that the foregoing answers are true and correct.

/s/ Giles Witherspoon-Boyd
[*Signed electronically by Katherine E. Pepin with permission*]
Giles Witherspoon-Boyd

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of September 2019, a true and correct copy of the

foregoing Defendant Giles Witherspoon-Boyd's Answers and Responses to Plaintiffs' Third Set

of Requests for Admissions, Interrogatories, and Requests for Production was sent via e-mail to

the following:

> Seth D. Needs
> seth@utahadvocacygroup.org
> UTAH ADVOCACY GROUP
> 10808 South River Front Parkway, Suite 3088
> South Jordan, Utah 84095
> Attorneys for Plaintiffs
>
> Todd Weiler
> todd.weiler@chrisjen.com
> CHRISTENSEN & JENSEN, P.C.
> 257 East 200 South, Suite 1100
> Salt Lake City, Utah 84111
> Attorneys for Defendant Daryl Acumen

> /s/ Michelle Carter