IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LYNDA PIPKIN, ROBERT MCENTEE, and ELIZABETH CARLIN,<br><br>                    Plaintiffs,<br><br>v.<br><br>DARYL ACUMEN and GILES WITHERSPOON,<br><br>                    Defendants. | **MEMORADUM DECISION AND ORDER**<br><br>Case No. 1:18-cv-00113-HCN-PMW<br><br>District Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Paul M. Warner |

This case has been referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs Lynda Pipkin, Robert McEntee, and Elizabeth Carlin's (collectively, "Plaintiffs") Short Form Discovery Motion to Compel Defendant Giles Witherspoon's ("Defendant") Responses to Plaintiffs' Discovery Requests ("Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

On August 12, 2019, Plaintiffs sent Defendant written discovery requests. Defendant objected to Plaintiffs' Request for Production of Documents Nos. 9 and 10, and Plaintiffs'

---

[1] *See* ECF nos. 29, 44.
[2] *See* ECF no. 57.

Interrogatory Nos. 16 and 17. In the present Motion, Plaintiffs move the court to compel Defendant to respond to the above discovery requests.

Request no. 9 seeks "any and all documents that fully demonstrate [Defendant's] current net worth, such as, but not limited to, [his] federal tax returns for the past three years."[3] Request no. 10 seeks "any and all documents used to calculate [Defendant's] net worth."[4] Interrogatory no. 16 asks Defendant to "describe in detail [his] current net worth."[5] Interrogatory no. 17 asks Defendant to "describe in detail any information used to calculate [his] current net worth."[6] Plaintiffs assert that evidence of Defendant's financial condition is relevant to the question of a punitive damages award.

Defendant objects to the requests and interrogatories as irrelevant, overly broad, unduly burdensome, and privileged.[7] Additionally, Defendant contends Plaintiffs are not entitled to the information because they have failed to establish a prima facie case on the issue punitive damages. Plaintiffs agree to narrow the scope of the discovery requests to the two to three most recent years to address Defendant's overly broad objection.[8]

## DISCUSSION

The Motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d

---

[3] ECF no. 57 at 19.
[4] *Id*.
[5] *Id*. at 16.
[6] *Id*.
[7] *See id*. at 16-17, 19; ECF no. 58 at 2.
[8] *See* ECF no. 57 at 2.

1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by Rule 26 of the Federal Rules of Civil

Procedure, which provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

In this case, the court finds the financial information sought regarding Defendant's net

worth to be relevant to the issue of punitive damages. *See City of Newport v. Fact Concerts, Inc*.,

453 U.S. 247, 270 (1981). As for when, "the law is less settled about the appropriate time for

discovery of a defendant's financial information." *James v. Heuberger Motors, Inc.*, No. 10-CV-

01648-CMA, 2011 WL 334473, at *2 (D. Colo. Jan. 28, 2011). "When a punitive damages claim

has been asserted, a majority of federal courts permit pretrial discovery of financial information

of defendant without first requiring plaintiff to establish a prima facie case on the issue of

punitive damages." *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149,

151 (D. Kan. 1990) (collecting cases). "However, some federal courts have not allowed pretrial

discovery when punitive damages are asserted." *Id*. (collecting cases). And other courts permit

pretrial discovery of defendant's net worth only when plaintiff has shown that the "claim for

punitive damages is not spurious." *James,* 2011 WL 334473, at *2 (quoting *Britton v. Car Toys,*

*Inc.*, No. 05-CV-00726-WYD-PAC, 2007 WL 1395290, at *3 (D. Colo. May 9, 2007))
(collecting cases).

      After reviewing the cases cited above, the court determines that Plaintiffs should
establish a prima facie case for punitive damages before they may obtain pretrial discovery of
Defendant's financial information. Punitive damages are available where defendant's conduct is
outrageous, owing to gross negligence, demonstrates a willful, wanton, and reckless indifference
for the rights of others, or "demonstrates behavior even more deplorable." *Exxon Shipping Co. v.
Baker*, 554 U.S. 471, 493 (2008) (citations omitted). After reviewing the Amended Complaint,
the court determines that Plaintiffs have successfully alleged a prima facie case of unlawful
conduct by Defendant that was, at the very least, in gross disregard of Plaintiffs' privacy rights.
Additionally, the court finds that "knowledge of [D]efendant's net worth will be of value to both
sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted
litigation." *Mid Continent Cabinetry, Inc.,* 130 F.R.D. at 152.

      Regarding Defendant's unduly burdensome objection, the mere fact that production of
documents or other discovery may be inconvenient does not constitute a valid basis to refuse
producing the documents or answering the interrogatories as requested. Additionally, Defendant
undoubtedly has privacy interests in his financial records; however, these privacy interests must
yield to the Federal Rules of Civil Procedure. The court finds that any privacy concerns
Defendant has relative to discovery of confidential financial information in the context of this
litigation may be sufficiently addressed by implementation of a protective order. Further, the
court finds pretrial discovery of Defendant's financial statements and tax returns from September

9, 2017[9] to the present is an appropriate timeframe in this case. The financial information is to be used for determination of punitive damages only and shall not be publicly disseminated. The parties shall put in place a protective order to ensure Defendant's financial records are adequately protected and used only for purposes of this litigation.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' Short Form Discovery Motion to Compel Defendant Giles Witherspoon's Responses to Plaintiffs' Discovery Requests[10] is **GRANTED**, as detailed above. Defendant shall respond to Plaintiffs' discovery requests for the aforementioned time period within thirty (30) days of this order.

**IT IS FURTHER ORDERED** that Defendant shall prepare a protective order regarding disclosure of the financial information and tax returns and use thereof, submit the protective order to opposing counsel, and then to the court for approval within fourteen (14) days of this order.

**IT IS SO ORDERED**.

DATED this 28th day of April, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[9] The date of the Meeting at issue in this case. *See* ECF no. 26 at 3.
[10] *See* ECF no. 57.